

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JUDY BEASLEY, §
    Plaintiff. §
 §
VS. § ACTION NO. 4:09-CV-775-BJ
 §
WELLS FARGO BANK, N.A., §
    Defendant. §

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (doc. #24)

Before the Court is the Motion for Final Summary Judgment of Defendant Wells Fargo Bank, N.A. ("Wells Fargo") which seeks summary judgment on all of Plaintiff Judy Beasley's ("Beasley") claims against it. (doc. #24.) After reviewing the motion and the applicable law, and noting that the plaintiff has wholly failed to file a response,[1] the court concludes that the Motion should be GRANTED.

## I. BACKGROUND

Beasley filed this lawsuit against Wells Fargo on November 19, 2009, alleging breach of contract, fraud and illegal foreclosure of her property. (Notice of Removal, Plaintiff's Original Petition, doc. #1.) Wells Fargo was served with Plaintiff's Original Petition on November 30, 2009 and timely removed the action to the Federal District Court for the Northern District of Texas, Fort Worth Division, on December 30, 2009 on the basis of diversity jurisdiction.[2] (Id.)

Wells Fargo filed its Motion for Summary Judgment ("Motion") on December 1, 2010. (doc. #24.) In its Motion, Wells Fargo claims that there is no genuine issue of material fact as to any of

---

[1] Federal Rule of Civil Procedure 56(e)(2) states: When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set forth specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

[2] Although Beasley was originally represented by an attorney when she brought this lawsuit, she submitted an Agreed Motion to Withdraw as Attorney on May 25, 2010 (doc. #16), which the Court granted. She then filed a Notice to Proceed *Pro Se* on June 30, 2010. (doc. #18.) Beasley has proceeded *pro se* in this litigation since that date.

1

Beasley's claims against it. (Motion at 4-12.) In support of its motion, Wells Fargo has included portions of the October 11, 2010 Deposition Transcript of Judy Beasley as summary judgment proof. (*Id.*) Beasley failed to file any response to Well's Fargo's Motion.

## II. ANALYSIS

### A. Legal Standard

The moving party is entitled to summary judgment as a matter of law when the pleadings and evidence before the court show that no genuine issue exists as to any material fact. Fed. R. Civ. P. 56(c); *see also Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). Disposing of a case through summary judgment serves to reinforce the purpose of the Federal Rules of Civil Procedure, which strive "to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, [afford] a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

All of the evidence must be viewed in a light most favorable to the nonmovant, but she may not satisfy her summary judgment burden with either conclusory allegations or unsubstantiated assertions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citations omitted); *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.2002) (citations omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The party moving for summary judgment meets its burden by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex*, 477 U.S. at 323. The party demonstrates that no genuine issue of material fact exists through the pleadings, depositions, admissions, and affidavits. Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden shifts to the nonmovant, who must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. In order to do this, the nonmovant "must do more than simply show ... some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant must demonstrate that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249. The Court may not make credibility determinations when conflicting evidence is presented. *See Lindsey v. Prive Corp.*, 987 F.2d 324, 327 (5th Cir.1993). The nonmovant cannot, however, survive a summary judgment motion by merely resting on the allegations contained in her pleadings. *Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 324.

### B. **Breach of Contract Claim**

Beasley alleges that Wells Fargo breached the Mortgage Agreement and Modification ("Note and Agreement") it entered into with Beasley regarding her property. (Original Petition at 4, doc. #1.) Under Texas law, Beasley must prove the following elements to recover for breach of contract: (1) the existence of a valid contract between Beasley and Wells Fargo; (2) performance or tendered performance by Beasley; (3) breach of the contract by Wells Fargo; and (4) damages sustained by Beasley as a result of Wells Fargo's breach. *Southwell v. Univ. of the Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex. App.–San Antonio 1998, pet. denied); *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.–Houston [1st Dist.] 1997, no writ).

Wells Fargo argues that Beasley cannot assert a claim for breach of the Note and Agreement because she cannot show that she performed under the contracts. (Motion at 4.) According to Wells Fargo, the evidence establishes that Beasley understood that she entered into the Note and Agreement with Wells Fargo, that she understood she was responsible for payments under those contracts, and that she failed to tender payments to Wells Fargo. (*Id.*) Wells Fargo cites to deposition excerpts wherein Beasley admits that she entered into a loan modification agreement with Wells Fargo in January 2009 but that she defaulted under the agreement. (Motion at 5, App. 2-3.) Beasley has failed to introduce any controverting evidence. Because Beasley has not raised a genuine issue of material fact, Wells Fargo is entitled to summary judgment on Beasley's breach of contract claim.

3

## C. Fraud Claim

Beasley also alleges a claim for common-law fraud. (Original Pet. at 4-5.) In order to prove a claim for common law fraud under Texas law, Beasley must demonstrate that: (1) a material representation was made by Wells Fargo; (2) the representation was false; (3) when the representations was made, Wells Fargo knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) Wells Fargo made the representation with the intent that Beasley should act upon it; (5) Beasley acted in reliance on the representation; and (5) Beasley thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (citations omitted).

Wells Fargo argues that Beasley has produced no evidence to support her claim. Moreover, Wells Fargo asserts that Beasley has brought claims regarding real estate contracts covered by the Statute of Frauds, which require transactions to be in writing in order to be enforced. (Motion at 10; citing Tex. Bus. & Com. Code § 26.01; *Fears v. Tex. Bank*, 247 S.W.3d 729, 735 (Tex. App.– Texarkana 2008, pet. denied). Wells Fargo points to Beasley's deposition testimony in which she testified under oath that Wells Fargo gave her a written notice that a foreclosure sale would take place unless loan modification was completed. (Motion at 10-11, App. 8). Beasley further testified that Wells Fargo never informed her that such a modification was completed. (*Id.*) Beasley has introduced no evidence demonstrating that a genuine issue of material fact exists as to her fraud claim. Wells Fargo is therefore entitled to summary judgment on Beasley's claim against it for fraud.

## D. Wrongful Foreclosure

Finally, Beasley alleges that Wells Fargo wrongfully foreclosed on her property. (Original Petition at 5.) In its Motion, Wells Fargo directs the Court's attention to deposition testimony in which Beasley acknowledges receiving written notice that her loan was in default status and that foreclosure activity would not be suspended without a returned signed agreement and payment required to modify the agreement. (Motion at 11; App. 8.) Beasley has introduced no controverting

4

evidence creating an issue of genuine material fact. Wells Fargo is therefore entitled to summary judgment on Beasley's claim of wrongful foreclosure.

### E. Attorneys' Fees and Court Costs

Beasley has also included a claim for her attorneys' fees and court costs. Because Beasley's claims have all been dismissed as a matter of law, she is not entitled to these amounts. (Original Petition at 5-6, doc. #1). Wells Fargo is entitled to summary judgment on Beasley's claim for her attorneys' fees and court costs.

### III. CONCLUSION

For the reasons stated above, Wells Fargo's motion for summary judgment on Beasley's claims against it is GRANTED. Judgment in conformity with this opinion will be entered for Defendant Wells Fargo Bank, N.A.

**SO ORDERED**
January 21, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE